# Exhibit A

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM          INDEX NO. 155228/2017

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 06/07/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

DR. ROBERT D. HAAR, M.D.,

                  Plaintiff,

      - against -

NATIONWIDE MUTUAL FIRE INSURANCE
CO., JOHN AND JANE DOE CORPS 1-10, and
JOHN AND JANE DOES 1-10,

                Defendants.

-------------------------------------------------------------x

Index No. _____

## SUMMONS

Index. No.:
Date Purchased:  June 6, 2017

Plaintiff Designates New York
County as the place of Trial

The basis of venue is the residence
of the Plaintiff in New York
County

Plaintiff has an address at:
1735 York Avenue, Suite P1,
New York, N.Y. 10128

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action

and to serve a copy of your answer, or if the complaint is not served with this summons, to serve

a notice of appearance on Plaintiff's Attorney within twenty (20) days after service of this

summons, exclusive of the day of service (or within thirty (30) days after service is complete if

the summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the verified complaint.

Dated:   New York, New York
April 17, 2017

KP

JUN 21 2017

REG., PER SERV
CERT, FAX, E-MAIL

GREGORY ZIMMER, ESQ.

360 Lexington Avenue, Suite 1502
New York, New York  10017
Phone: (914) 402-5683

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

Fax: (914) 402-5683
*Attorneys for Plaintiff*

TO:  Nationwide Mutual Fire Insurance Co.
One West Nationwide Blvd
1-04-701
Columbus, OH 43215-2220

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

Index No.          Year: 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DR. ROBERT D. HAAR, M.D.,

Plaintiff,

– against –

NATIONWIDE MUTUAL FIRE INSURANCE CO., JOHN AND JANE DOE CORPS 1-10,
and JOHN AND JANE DOES 1-10,

Defendants,

---

## SUMMONS

## GREGORY ZIMMER, ESQ.

Attorneys for: Defendant

*Office Address & Tel. No.:*
360 Lexington Avenue, Suite 1502
New York, New York 10017
(914) 402-5683

---

*Pursuant to 22 NYCRR 130-1.1(a), the undersigned, an attorney admitted to practice in the courts of the New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed documents are not frivolous and that (2) if the annexed documents is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41(a).*

Dated:  June 6, 2017               Signature:

                                   Print Signer's Name:        Gregory Zimmer, Esq.

---

*Service of a copy of the within*                                      *is hereby admitted.*

*Dated:*

............................................................
                        *Attorney(s) for*

**FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM**   INDEX NO. 155228/2017

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 06/07/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

DR. ROBERT D. HAAR, M.D.,     :

                    Plaintiff,     :     Index No. _____

      - against -     :

NATIONWIDE MUTUAL FIRE INSURANCE     :     **VERIFIED COMPLAINT**
CO., JOHN AND JANE DOE CORPS 1-10, and     :
JOHN AND JANE DOES 1-10,     :

              Defendants.     :

------------------------------------------------------------x

Plaintiff Dr. Robert D. Haar, M.D. ("Haar"), by his undersigned attorney, Gregory

Zimmer, Esq., as and for his verified complaint against Defendant Nationwide Mutual Fire

Insurance Co. ("Nationwide"), John and Jane Doe Corps 1-10, and John and Jane Does 1-10

(together, "Defendant"), alleges as follows:

## NATURE OF THE CASE

      1.     This is an action for damages, including punitive damages, based on Defendant

making false and defamatory statements about Dr. Haar to, and making bad-faith complaints to

about Dr. Haar to, the New York State Office of Professional Medical Conduct ("OPMC"),

which falsely stated that Dr. Haar engaged in improper professional conduct in the performance

of his professional duties as an orthopedic surgeon.

      2.     On August 1, 2016, OPMC notified Dr. Haar that it had opened an investigation

into his professional conduct with respect to his provision of medical treatment to four patients

(the "Individual Patients")[1] identified in the OPMC notice.  The injuries suffered by the

---

[1]     The names of the Individual Patients and the specific treatments provided to them are being omitted from
this Complaint to protect confidentiality.

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM   INDEX NO. 155228/2017

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 06/07/2017

Individual Patients in automobile accidents for which they sought treatment from Dr. Haar were covered by New York State no-fault automobile insurance policies issued by Nationwide.

3.      The specific allegations made to OPMC by Nationwide that gave rise to OPMC's investigation of Dr. Haar were false. On January 27, 2017, OPMC notified Dr. Haar that it had closed its investigation of him without taking any action or imposing any disciplinary findings.

4.      As a result of the false statements and complaints made to the OPMC about Dr. Haar by Defedants, he has suffered significant damages, including lost revenues, expenses, including attorneys' fees and expert witness fees incurred in responding to the OPMC investigation, damage to his professional reputation, and other expenses and damages. Because the false and defamatory statements made about Dr. Haar to the OPMC impugned him in the performance of his professional duties, they also constitute defamation *per se*. Finally, because the statements were made in bad faith, maliciously, and with the intent to injure Dr. Haar in his profession, Dr. Haar is also entitled to punitive damages.

## JURISDICTION AND VENUE

5.      Nationwide is subject to jurisdiction because it conducts substantial, continuous and systematic business in New York County and New York State.

6.      Venue is proper before this Court pursuant to CPLR §§ 503(a) and 503(c) in that Plaintiff resides in New York County, and Plaintiff and Nationwide each conduct business in New York County.

## PARTIES

7.      Plaintiff Robert Haar, M.D., is a New York resident, with an address at 1735 York Avenue, Suite P1, New York, N.Y. 10128.

8.      Upon information and belief, Nationwide is an Ohio corporation that is admitted to issue automobile insurance policies in New York State and transacts business within the State of New York including through various affiliates and companies, both known and unknown. The unknown entities are named herein as John Does 1-10.

9.      Defendants John and Jane Does 1-10 are fictitious names, representing individuals who acted for or through Nationwide to make the false statements concerning Dr. Haar, submit the false complaints to OPMC concerning Dr. Haar, and commit the other wrongdoing set forth herein. The true names of John and Jane Does 1-10 will be revealed through discovery in this action

## FACTUAL ALLEGATIONS

### Dr. Haar Renders Appropriate Medical Care To The Individual Patients

10.     In or about 2012 and 2013, Dr. Haar provided appropriate pre-operative, surgical and post-operative medical treatment to the Individual Patients for various injuries reported by the Individual Patients to have been suffered in automobile accidents involving vehicles for which Nationwide was the insurer.

### Dr. Haar Bills Nationwide For His Services

11.     Dr. Haar, through his medical practice, Haar Orthopedics and Sports Medicine, P.C., billed Nationwide and submitted claims to Nationwide for payment for the medical treatment he provided to the Individual Patients (the "Claims").

12.     Dr. Haar submitted the Claims to Nationwide because the Individual Patients informed Dr. Haar and his medical practice that they sustained their injuries in automobile accidents, that automobile insurance policies issued by Nationwide covered the accidents and

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 155228/2017
RECEIVED NYSCEF: 06/07/2017

their injuries, and Nationwide was required to pay for their medical treatment performed by Dr. Haar.

13. Dr. Haar and/or his medical practice submitted the bills and related insurance Claims for the medical treatment provided to the Individual Patients to Nationwide in the ordinary course of his medical practice, consistent with standard billing practices.

14. The Claims contained detailed and accurate descriptions and/or documentation of all medical treatment rendered by Dr. Haar to the Individual Patients, including pre-operative visits, examinations and observations, surgeries performed by Dr. Haar on the Individual Patients, and post-operative visits, examinations and observations.

15. Upon information and belief, the Claims also contained detailed and accurate descriptions and/or documentation of all anesthesia administered to the Individual Patients in connection with the surgeries performed by Dr. Haar on the Individual Patients (though the anesthesia services were not administered by Dr. Haar or his practice).

**Nationwide Responds To The Claims Without Raising
Any Issues With Respect To Dr. Haar's Medical Treatment**

16. Nationwide acknowledged that policies issued by it covered the Individual Patients and the accidents that the Injured Patients claimed caused their injuries and necessitated medical treatment by Dr. Haar.

*Patient 1*

17. Dr. Haar and his medical practice provided surgical and pre- and post-operative treatment to one of the Individual Patients ("Patient 1") for knee and shoulder injuries.

18. Dr. Haar and/or his medical practice submitted one or more Claims to Nationwide for the treatment rendered by Dr. Haar and/or his medical practice to Patient 1.

4

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

19.     The Claims submitted to Nationwide for Patient 1 provided detailed and accurate descriptions and/or documentation of the medical treatment, including surgical procedures, performed on Patient 1 by Dr. Haar and such records were recorded and maintained in a fashion customary to the methods used by other orthopedic practices.

20.     Upon information and belief, the Claims submitted to Nationwide for Patient 1 provided detailed and accurate descriptions and/or documentation of the anesthesia services administered to Patient 1 in connection with the surgical procedures performed on Patient 1 by Dr. Haar.

21.     Nationwide denied the Claim(s) submitted by Dr. Haar and/or his medical practice with respect to Patient 1 in their entirety.

22.     Nationwide provided to Dr. Haar's medical practice a copy of a report (the "Peer Review Report") which purported to contain the results of an "examination and interview" of Patient 1 purportedly conducted by a board certified orthopedic surgeon on behalf of Nationwide.

23.     The Peer Review Report contained 4 pages of detailed descriptions and analysis of Patient 1's condition and the medical treatment provided by Dr. Haar to Patient 1, and related medical services provided in connection with the medical treatment provided by Dr. Haar to Patient 1.

24.     The Peer Review Report did not criticize or take any issue with any the medical treatment provided to Patient 1 by Dr. Haar or the anesthesia administered to Patient 1 in connection with Dr. Haar's medical treatment of Patient 1.

25.     Rather, the Peer Review Report contained the conclusion that there was no "cause and effect relationship" between the injuries addressed by the medical treatment provided to

5

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

Patient 1 by Dr. Haar and the accident that Patient 1 informed Dr. Haar caused the injuries addressed by Dr. Haar's medical treatment, for which accident Nationwide provided insurance coverage to Patient 1.

***Patient 2***

26.     Dr. Haar and his medical practice provided surgical and pre- and post-operative treatment to one of the Individual Patients ("Patient 2") for shoulder injuries.

27.     Dr. Haar and/or his medical practice submitted one or more Claims to Nationwide for the treatment rendered by Dr. Haar and/or his medical practice to Patient 2.

28.     The Claims submitted to Nationwide for Patient 2 provided accurate and detailed descriptions and/or documentation of the medical treatment, including surgical procedures, performed on Patient 2 by Dr. Haar and such records were recorded and maintained in a fashion customary to the methods used by other orthopedic practices.

29.     Upon information and belief, the Claims submitted to Nationwide for Patient 2 provided accurate and detailed descriptions and/or documentation of the anesthesia administered to Patient 2 in connection with the surgical procedures performed on Patient 2 by Dr. Haar.

30.     Nationwide partially denied the Claims submitted by Dr. Haar and/or his medical practice with respect to Patient 2.

31.     An explanation of benefits ("EOB") provided to Dr. Haar's medical practice by Nationwide in response to the Claims submitted to Nationwide with respect to Patient 2 did not did not criticize or take any issue with any of the medical treatment provided to Patient 2 by Dr. Haar or the anesthesia administered to Patient 2 in connection with Dr. Haar's medical treatment of Patient 2.

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

32.    The EOB with respect to Patient 2 informed Dr. Haar that Nationwide was paying less than the full amount billed in the Claims with respect to Patient 2 based on the "fee schedule" applicable to New York State No-Fault Insurance claims.

33.    Nationwide paid each of the Claims submitted in connection with Patient 2, and merely paid less than the amount billed in the Claims for certain specific procedures based solely on Nationwide's allegation that the fee schedule provided for lower payment amounts for certain procedures billed in the Claims.

### Patient 3

34.    Dr. Haar and his medical practice provided surgical and pre- and post-operative treatment to one of the Individual Patients ("Patient 3") for shoulder injuries.

35.    Dr. Haar and/or his medical practice submitted one or more Claims to Nationwide for the treatment rendered by Dr. Haar and/or his medical practice to Patient 3.

36.    The Claims submitted to Nationwide for Patient 3 provided accurate and detailed descriptions and/or documentation of the medical treatment, including surgical procedures, performed on Patient 3 by Dr. Haar and such records were recorded and maintained in a fashion customary to the methods used by other orthopedic practices.

37.    The Claims submitted to Nationwide for Patient 3 provided accurate detailed descriptions and/or documentation of the anesthesia administered to Patient 3 in connection with the surgical procedures performed on Patient 3 by Dr. Haar.

38.    Nationwide partially denied the Claims submitted by Dr. Haar and/or his medical practice with respect to Patient 3.

39.    An EOB provided to Dr. Haar's medical practice by Nationwide in response to the Claims submitted to Nationwide with respect to Patient 3 did not did not criticize or take any

7

**FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM**   INDEX NO. 155228/2017

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 06/07/2017

issue with any of the medical treatment provided to Patient 3 by Dr. Haar or the anesthesia administered to Patient 3 in connection with Dr. Haar's medical treatment of Patient 3.

40.   The EOB with respect to Patient 3 informed Dr. Haar that Nationwide was paying less than the full amount billed in the Claims with respect to Patient 3 based on the "fee schedule" applicable to New York State No-Fault Insurance claims.

41.   Nationwide paid each of the Claims submitted in connection with Patient 3, and merely paid less than the amount billed in the Claims for certain specific procedures based solely on Nationwide's allegation that the fee schedule provided for lower payment amounts for the procedures billed in the Claims.

*Patient 4*

42.   Dr. Haar and his medical practice provided surgical and pre- and post-operative treatment to one of the Individual Patients ("Patient 4") for shoulder injuries.

43.   Dr. Haar and/or his medical practice submitted one or more Claims to Nationwide for the treatment rendered by Dr. Haar and/or his medical practice to Patient 4.

44.   The Claims submitted to Nationwide for Patient 4 provided accurate and detailed descriptions and/or documentation of the medical treatment, including surgical procedures, performed on Patient 4 by Dr. Haar and such records were recorded and maintained in a fashion customary to the methods used by other orthopedic practices.

45.   Nationwide partially denied the Claims submitted by Dr. Haar and/or his medical practice with respect to Patient 4.

46.   An EOB provided to Dr. Haar's medical practice by Nationwide in response to the Claims submitted to Nationwide with respect to Patient 4 did not criticize or take any issue with any the medical treatment provided to Patient 4 by Dr. Haar.

8

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM
INDEX NO. 155228/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 06/07/2017

47.     The EOB with respect to Patient 4 informed Dr. Haar that Nationwide was paying less than the full amount billed in the Claims with respect to Patient 4 based on the "fee schedule" applicable to New York State No-Fault Insurance claims.

48.     Nationwide paid each of the Claims submitted in connection with Patient 4, and merely paid less than the amount billed in the Claims for certain specific procedures based solely on Nationwide's allegation that the fee schedule provided for lower payment amounts for the procedures billed in the Claims.

**Nationwide Makes False Complaints To OPMC**
**That Accuse Dr. Haar Of Professional Misconduct**

49.     Upon information and belief, in or about July 2016, Nationwide submitted complaints to OPMC alleging that Dr. Haar had engaged in professional misconduct with respect to provision of professional medical services on behalf of the Individual Patients.

50.     Upon information and belief, Nationwide told OPMC that the amount of time that Dr. Haar expended in performing surgical procedures on each of the Individual Patients was insufficient given the nature and complexity of the surgeries performed.

51.     Upon information and belief, Nationwide told OPMC that Patients 1, 2, and 3 received unnecessary post-operative anesthetic treatment that was improper, and that Dr. Haar was responsible for their receiving this allegedly improper treatment.

52.     Upon information and belief, Nationwide told OPMC that the surgical procedure performed on Patient 2 was performed prematurely.

53.     Upon information and belief, Nationwide told OPMC that certain professional corporations owned by him were "fraudulently incorporated" within the meaning of 11 NYCRR § 65-3.16(a)(12), and State Farm v. Mallela, 4 N.Y.3d 313 (2005).

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

54.     Upon information and belief, Nationwide told OPMC that Dr. Haar's employment status with certain professional corporations owned by him rendered the professional corporations ineligible to receive payment of no-fault claims pursuant to 11 NYCRR § 65-3.16(a)(12), and State Farm v. Mallela, 4 N.Y.3d 313 (2005).

55.     Each of the complaints and allegations made to OPMC listed in Paragraphs 49-54 about Dr. Haar (the "False Complaints") was false.

56.     Each of the False Complaints was false when made by Nationwide.

57.     Each of the False Complaints was made by Nationwide in bad faith.

58.     Nationwide had no good faith basis to make the False Complaints.

59.     Upon information and belief, Nationwide failed and refused to take reasonable and necessary actions that were readily available to it to determine whether there was a good faith basis to make the False Complaints.

60.     Upon information and belief, Nationwide, and other insurers that provide no-fault insurance policies to motorists in New York State, share information concerning claims submitted to them by providers, including physicians, and their handling of claims submitted to them by providers through the National Insurance Crime Bureau ("NICB").

61.     Upon information and belief, Nationwide determined to target Dr. Haar and to make false statements about him to OPMC because he was a successful orthopedic surgeon who performed a high volume of orthopedic surgeries and related medical treatments, a large percentage of which were covered by no-fault insurance policies, including policies issued by Nationwide.

62.     Upon information and belief, Nationwide was the only insurer who issued insurance policies, including no-fault policies, that covered the Individual Patients for the

10

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM    INDEX NO. 155228/2017

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 06/07/2017

accidents the Individual Patients told Dr. Haar caused the injuries for which Dr. Haar provided them medical treatment.

63.    Nationwide was the only insurer to which Dr. Haar and/or his medical practice submitted Claims with respect to the Individual Patients.

64.    OPMC's notice to Dr. Haar informing him that it had received complaints about his treatment of the Individual Patients stated that certain of the complaints were based on "operative reports and corresponding billing."

65.    Nationwide was provided with both the operative reports and corresponding billing with respect to Dr. Haar's treatment of the Individual Patients.

66.    As of August 2016, the time that Dr. Haar received notice of OMPC's investigation, the operative reports and the corresponding billing with respect to Dr. Haar's treatment of the Individual Patients had not been provided to any other persons or entities other than Nationwide by Dr. Haar and/or his medical practices.

67.    Upon information and belief, Nationwide would potentially derive a benefit from an investigation into whether entities owned by Dr. Haar (which submitted Claims relating to the Individual Patients to Nationwide) were fraudulently incorporated because a finding that they were fraudulently incorporated could be cause to excuse payment of claims submitted by Dr. Haar's medical practice to Nationwide.

68.    The False Complaints were false.

69.    OPMC conducted a detailed investigation of each of the Claims.

70.    Following its investigation, the OPMC concluded the investigation without any further action or imposing any disciplinary findings with respect to Dr. Haar.

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

### Nationwide Made The False Complaints Without A Good Faith Basis

71.     As the insurers who provided coverage for the accidents that the Individual Patients claimed caused the injuries for which Dr. Haar provided medical treatment to them, Nationwide was in a unique position to determine whether there was a good faith basis for the False Complaints before they were submitted to the OPMC.

72.     The Claims for the medical treatment provided to the Individual Patients were provided directly to Nationwide by Dr. Haar's medical practice.

73.     The Claims included accurate and detailed descriptions and/or documentation of the medical treatment provided to the Individual Patients by Dr. Haar, as well as the anesthesia administered to the Individual Patients in connection with the surgeries performed on them by Dr. Haar.

74.     There was no good faith basis to make the False Complaints based on the Claims.

75.     However, if the Claims raised concerns for Nationwide, they were in a unique position to obtain additional information to determine whether there was any good faith basis to make the False Complaints.

76.     As providers of no-fault insurance to the Individual Patients, under New York's no-fault scheme, Nationwide had the right to request "verification" of every medical treatment provided to the Individual Patients as a prerequisite to processing the Claims.

77.     As part of the verification process, Nationwide could have requested additional details about the medical treatment provided to the Individual Patients, as no-fault insurance companies routinely do.

78.     A request for additional details about the medical treatment provided to the Individual Patients would have permitted Nationwide to determine that there was no good faith basis to make the False Complaints.

**FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM**
NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

79.    Nationwide did not request verification information from Dr. Haar or his medical practice that would have permitted Nationwide to determine whether there was a good faith basis for the False Complaints.

80.    Upon information and belief, Nationwide did not request verification information from any other person or entity that would have permitted Nationwide to determine whether there was a good faith basis for the False Complaints.

81.    As part of the verification process, Nationwide could have performed an independent medical examination ("IME") on each of the Individual Patients.

82.    An IME of each Individual Patient would have permitted Nationwide to determine that there was no good faith basis for the False Complaints.

83.    Upon information and belief, Nationwide did perform an IME on Patient 1, which was the purported basis for the Peer Review Report.

84.    Upon information and belief, although Nationwide performed an IME on Patient 1, Nationwide and its purported expert did not seek or obtain information that could provide a good faith basis for the False Complaints. In fact, the Peer Review report does not mention the subject matters of the False Complaints, or provide any information or analysis that could constitute a good faith basis for the False Complaints.

85.    Upon information and belief, Nationwide did not conduct IMEs of Patients 2, 3 and 4.

86.    As part of the verification process, Nationwide could have performed an examination under oath ("EUO") of each of the Individual Patients.

87.    An EUO of each Individual Patient would have permitted Nationwide to determine that there was no good faith basis for the False Complaints.

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM     INDEX NO. 155228/2017

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 06/07/2017

88.    Upon information and belief, Nationwide did not conduct EUOs of the Individual Patients.

89.    As part of the verification process, Nationwide could have performed an EUO of Dr. Haar.

90.    An EUO of Dr. Haar would have permitted Nationwide to determine that there was no good faith basis for the False Complaints.

91.    Nationwide did not conduct an EUO of Dr. Haar.

92.    As part of the verification process, Nationwide could have performed EUOs of the anesthesiologist(s) or others involved in the provision of medical services to the Individual Patients.

93.    EUOs of the anesthesiologist(s) or others involved in the provision of medical services to the Individual Patients would have permitted Nationwide to determine that there was no good faith basis for the False Complaints.

94.    Upon information and belief, Nationwide did not conduct EUOs of the anesthesiologist(s) or others involved in the provision of medical services to the Individual Patients.

95.    As part of the verification process, Nationwide could have requested documents and information, and/or conducted EUOs with respect to Dr. Haar's ownership of certain professional corporations.

96.    By seeking verification documents or information, or performing EUOs with respect to Dr. Haar's ownership of certain professional corporations, Nationwide could have determined that there was no good faith basis for the False Complaints that Dr. Haar's professional corporations were fraudulently incorporated.

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

97.     Nationwide did not seek verification documents or information from Dr. Haar or his professional corporations concerning whether Dr. Haar's professional corporations were fraudulently incorporated.

98.     Upon information and belief, Nationwide did not seek verification documents or information from any other person or entity concerning whether Dr. Haar's professional corporations were fraudulently incorporated.

99.     Nationwide did not conduct an EUO of Dr. Haar concerning whether Dr. Haar's professional corporations were fraudulently incorporated.

100.    Upon information and belief, Nationwide did not conduct EUOs of any other person or entity concerning whether Dr. Haar's professional corporations were fraudulently incorporated.

101.    As part of the verification process, Nationwide could have requested documents and information, and/or conducted EUOs with respect to Dr. Haar's employment status with certain professional corporations.

102.    By seeking verification documents or information, or performing EUOs, with respect to Dr. Haar's employment status with various professional corporations, Nationwide could have determined that there was no good faith basis for the False Complaint that Dr. Haar and/or his medical practices were ineligible for payment of no-fault claims.

103.    Nationwide did not seek verification documents or information from Dr. Haar or his professional corporations concerning Dr. Haar's employment status with the professional corporations.

15

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM
INDEX NO. 155228/2017

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 06/07/2017

104.    Upon information and belief, Nationwide did not seek verification documents or information from any other person or entity concerning Dr. Haar's employment status with the professional corporations.

105.    Nationwide did not conduct an EUO of Dr. Haar concerning Dr. Haar's employment status with the professional corporations.

106.    Upon information and belief, Nationwide did not conduct EUOs of any other person or entity concerning Dr. Haar's employment status with the professional corporations.

107.    Although Dr. Haar and/or his medical practice submitted the Claims in 2012, and Nationwide processed the claims no later than early 2013, upon information and belief, Nationwide did not submit the False Complaints to the OPMC until in or about 2016.

108.    Each of these facts demonstrates that Nationwide did not have a good faith basis to make the False Complaints to the OPMC.

109.    Each of these facts demonstrates that Nationwide failed to avail itself of any of the means readily available to it to obtain additional information regarding the Claims, Dr. Haar, the medical treatment provided to the Individual Patients by Dr. Haar, or Dr. Haar's professional corporations, each of which were available to it as the no-fault insurer with respect to the Claims, and any of which would have permitted Nationwide to determine that the False Complaints were false and that there was no basis, much less good faith basis, to make the False Complaints.

110.    The False Complaints made by Nationwide to OPMC were knowingly false when made by Nationwide.

111.    Upon information and belief, the False Complaints were made by Nationwide without a good faith basis.

16

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM    INDEX NO. 155228/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 06/07/2017

112.    Upon information and belief, the False Complaints were made by Nationwide in bad faith.

113.    Upon information and belief, the False Complaints were made knowingly, willfully and maliciously by Nationwide with the intent to cause harm to Dr. Haar.

114.    Upon information and belief, the False Complaints were made with the intent of damaging Dr. Haar's professional reputation and his business and livelihood.

115.    Upon information and belief, the False Complaints were made with the intent of deterring Dr. Haar from submitting significant volumes of no-fault claims to Nationwide.

**Dr. Haar Has Been Damaged By The False Complaints**

116.    As a result of the False Complaints, Dr. Haar has suffered significant damages, including, but not limited to, costs associated with responding to the OPMC investigation, including but not limited to attorneys' fees and expert witness fees; lost revenues; damage to his reputation; and other significant damages.

## FIRST CAUSE OF ACTION
### (Filing Complaints With OPMC Without Good Faith Basis)

117.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 116 as though fully set forth herein.

118.    The False Complaints were made by Nationwide to OPMC without a good faith basis.

119.    Through the foregoing, Nationwide has caused Dr. Haar significant damages.

120.    As a result of Nationwide making the False Complaints to OPMC without a good faith basis, Dr. Haar has suffered damages in an amount to be determined at trial, but not less than $500,000.

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM          INDEX NO. 155228/2017
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 06/07/2017

121.    As a result of the foregoing, Dr. Haar is entitled to a judgment against Defendats in an amount to be determined at trial, but not less than $500,000.

## SECOND CAUSE OF ACTION
### (Defamation)

122.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 116 as though fully set forth herein.

123.    The False Complaints were made by Nationwide.

124.    The False Complaints were false.

125.    Nationwide knew or should have known that the False Complaints were false at the time they were made.

126.    The False Complaints constitute defamation *per se* against Dr. Haar.

127.    The False Complaints constitute defamation against Dr. Haar.

128.    As a result of Nationwide' defamation, Dr. Haar has suffered damages in an amount to be determined at trial, but not less than $500,000.

129.    As a result of the foregoing, Dr. Haar is entitled to a judgment against Defendants in an amount to be determined at trial, but not less than $500,000.

**WHEREFORE**, the Plaintiff demands that the Court:

(1)    Enter a judgement against Defendants in an amount to be determined at trial, but no less than $500,000, along with costs and attorneys' fees; and

(2)    Award Plaintiff such other and further relief that the Court deems just and proper.

18

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

Dated:   New York, New York
         June 6, 2017

Respectfully submitted,

GREGORY ZIMMER, ESQ.

360 Lexington Avenue, Suite 1502
New York, New York  10017
Phone: (914) 402-5683
Fax: (914) 402-5683

*Attorneys for Plaintiff*

19

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 155228/2017
RECEIVED NYSCEF: 06/07/2017

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Dr. Robert D. Haar, M.D., being duly sworn, deposes and says:

I am the plaintiff in the above-captioned action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, as to those matters, I believe them to be true.



Dr. Robert D. Haar, M.D.

Sworn to before me this
19 day of May, 2017.

Notary Public

JESUS ZAPATA
Notary Public - State of New York
NO. 01ZA6260393
Qualified in Bronx County
My Commission Expires

FILED: NEW YORK COUNTY CLERK 06/07/2017 08:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 155228/2017

RECEIVED NYSCEF: 06/07/2017

*Index No.*          *Year: 2017*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DR. ROBERT D. HAAR, M.D.,

            Plaintiff,

      – against –

NATIONWIDE MUTUAL FIRE INSURANCE CO., JOHN AND JANE DOE CORPS 1-10,
and JOHN AND JANE DOES 1-10,

            Defendants,

## VERIFIED COMPLAINT

## GREGORY ZIMMER, ESQ.

                                                                                     )

Attorneys for:  Defendant

*Office Address & Tel. No.:*
360 Lexington Avenue, Suite 1502
New York, New York 10017
(914) 402-5683

*Pursuant to 22 NYCRR 130-1.1(a), the undersigned, an attorney admitted to practice in the courts of the New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed documents are not frivolous and that (2) if the annexed documents is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41(a).*

*Dated:*  June 6, 2017                          Signature:

                                                             Print Signer's Name:     Gregory Zimmer, Esq.

*Service of a copy of the within*                                                       *is hereby admitted.*

*Dated:*

                                    ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...
                                                    *Attorney(s) for*