**DUANE MORRIS LLP**
Andrew T. Hahn, Sr.
Ralph Carter
1540 Broadway
New York, New York 10036
Tel: (212) 692-1000
Email: athahn@duanemorris.com
rcarter@duanemorris.com

*Attorneys for Defendant*
*Nationwide Mutual Fire Insurance Company*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-30-17

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ROBERT D. HAAR, M.D.,

                Plaintiff,

- against -

NATIONWIDE MUTUAL FIRE INSURANCE CO., JOHN AND JANE DOE CORPS 1-10, and JOHN AND JANE DOES 1-10,

                Defendants.

Civil Action No. 1:17-cv-05425 (LAK)

**NOTICE OF MOTION TO DISMISS**

    PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendant Nationwide Mutual Fire Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), the accompanying Declaration of Ronald Balzan; and the accompanying Declaration of Andrew T. Hahn, Sr., all filed concurrently, and upon all prior pleadings and proceedings had herein, Nationwide Mutual Fire Insurance Company, by and through its undersigned attorneys, will move this Court, before the Honorable Lewis A. Kaplan, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York 10007, for an Order pursuant to Federal Rule of Civil

<u>Memorandum Endorsement</u>         <u>Haar v Nationwide Mut. Fire Ins. Co., 17-cv-5425 (LAK)</u>

Defendant Nationwide moves to dismiss the complaint.

The first cause of action admittedly rests on the premise that Section 230, subd. 11(b) of the N.Y. Pub. Health L. creates a private right of action for bad faith reports of professional conduct to the Office of Professional Medical Conduct ("OPMC") [DI 13 at 10-19]. For the reasons stated by Judge Nathan in *Lesesne v. Brimecome,* 918 F. Supp.2d 221, 228-230 (S.D.N.Y. 2013), reasons subsequently adopted by the Appellate Division, Second Department, in *Elkoulily v. N.Y.S. Catholic Healthplan, Inc.,* 153 AD.3d 768. 771-72 (2017), this Court agrees that the New York Court of Appeals, were it faced with the question, would hold that this statute does not create a private right of action. Accordingly, the first cause of action must be dismissed.

The second cause of action rests entirely on the assertion that Nationwide's complaint to the OPMC contained false and defamatory statements. Cpt. ¶¶ 49-56, 123-28 (among other things, defining as the "False Statements" statements made to OPMC and tying the defamation claim to the so-called False Statements). While the complaint alleges on information and belief that the so-called False Statements were made to OPMC in or about July 2016 (which would have been within one year before the commencement of this action and thus within the limitations period), Nationwide has submitted a redacted copy of the complaint to OPMC and a declaration of its investigator stating that he submitted that complaint in 2012 and that Nationwide closed its investigation of the plaintiff in 2013. DI 10 & 10-1. Plaintiff does not dispute these facts in his reply papers. Rather, he responds principally that the redacted OPMC complaint form states that the investigator in June 2012 made complaints about plaintiff to the "N.Y.S. Insurance Frauds Bureau" and "N.I.C.B." What good that would do on the timeliness of the defamation claim is left to the imagination.

Nationwide asserts that the redacted complaint form may be considered on this Rule 12(b)(6) motion without converting it into one for summary judgment on the basis that plaintiff effectively incorporated it into the complaint. It further contends that the redacted complaint form establishes that the defamation claim is barred by the one year statute of limitations that governs defamation claims. N.Y. CPLR § 215, subd. 3. But that is a bridge slightly too far in the present posture of the motion.

I assume, without deciding, that the redacted form effectively was incorporated into the complaint. But that would establish only what the form stated. It could not properly be considered for the truth of the matters asserted. *See, e.g., In re Lehman Bros. Secur. & ERISA Litig.,* 799 F. Supp.2d 258, 272-73 (S.D.N.Y. 2011). In consequence, the redacted form affords no basis for disregarding the plaintiff's allegation that the OPMC complaint was made in 2016.

Of course, the investigator's declaration appears to establish that the OPMC complaint was made years earlier. But a court ordinarily ought not to consider material outside the complaint(other than material effectively incorporated into it and then only for the limited purpose described above) on a Rule 12(b)(6) motion without giving the parties notice of the court's intention to do so.

In the circumstances, I decline to consider any of the materials outside the complaint. The motion to dismiss [DI 8] is granted to the extent that the first cause of action is dismissed. Defendant is hereby notified that the Court will consider the investigator's declaration and the redacted OPMC complaint form for the truth of the matters asserted in deciding the motion in deciding the timeliness of the second cause of action and will convert the motion to dismiss the second cause of action on statute of limitations grounds into one for summary judgment to that extent. Defendant shall file any response no later than December 13, 2017. Further, if defendant has no good faith basis for adhering to his allegation that the OPMC complaint was made in or about July 2016, he would be well advised to withdraw that assertion. *See* Fed. R. Civ. P. 11(b).

SO ORDERED.

Dated:      November 30, 2017

_____
Lewis A. Kaplan
United States District Judge

2