# Gregory Zimmer, Esq. MEMO ENDORSED

GZimmer@GZimmerLegal.com
O: (914) 402-5683
M: (516) 991-1116

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12·21·17

December 15, 2017

**BY HAND**

Hon. Lewis A. Kaplan,
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
Courtroom 21B
500 Pearl St.
New York, NY 10007-1312

Re: *Haar v. Nationwide*, No. 1:17-cv-05425 (LAK)

Dear Judge Kaplan:

    I represent the plaintiff, Dr. Robert D. Haar, M.D. ("Plaintiff"), in the above-referenced action. I write pursuant to your Memo Endorsement decision dated November 30, 2017 (the "Decision") to inform the Court that in light of the materials submitted by defendant Nationwide Mutual Fire Insurance Company ("Defendant") and Your Honor's Decision, Plaintiff hereby withdraws his Second Cause of Action for defamation, based on Defendant's initial report to the Office of Professional Medical Conduct, as stated in the Complaint, with prejudice and without costs to either party. I have conferred with Defendant's counsel and they consent to the withdrawal of the Second Cause of Action. Plaintiff stands ready to take any further action that may be required to formally withdraw the Second Cause of Action.

    Once the Second Cause of Action has been formally withdrawn, Plaintiff respectfully requests that the Court enter a final judgment and order with respect to Plaintiff's First Cause of Action as set forth in the Decision.

    Please contact me if you require anything further to implement the withdrawal of the Second Cause of Action.

    Thank for your attention to this matter.

Very truly yours,

Gregory Zimmer

360 Lexington Avenue, Suite 1502     New York, New York 10017
Office: (914) 402-5683
Fax: (914) 402-5683
GZimmerLegal.com

<u>Memorandum Endorsement</u>     <u>Haar v Nationwide Mut. Fire Ins. Co., 17-cv-5425 (LAK)</u>

In response to the Court's November 30, 2017 order, as modified by the December 5, 2017 order, plaintiff purports to have withdrawn his second cause of action rather than submit materials in opposition to the motion to dismiss that cause of action. Plaintiff's letter, however, is unclear as to whether the purported withdrawal is with or without prejudice.

In the circumstances, it is appropriate to have a conclusive disposition of the second cause of action. The Court therefore converts the motion addressed to that claim into one for summary judgment dismissing it as untimely. That motion is granted.

As this disposes of the only remaining claim in the case, the Clerk shall enter judgment for the defendant and close the case.

SO ORDERED.

Dated:    December 21, 2017

_____
Lewis A. Kaplan
United States District Judge