N.Y.S.D. Case #
17-cv-5425(LAK)

18-128
*Haar v. Nationwide Mutual Fire Ins. Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 13 2019
```

_____

August Term, 2018

(Argued: January 15, 2019       Questions Certified: March 13, 2019)

Docket No. 18-128
_____

DR. ROBERT D. HAAR, M.D.,

*Plaintiff-Appellant*,

– v. –

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

*Defendant-Appellee*,

JOHN AND JANE DOE CORPS., 1–10, JOHN AND JANE DOE 1–10,

*Defendants*.
_____

B e f o r e :

KATZMANN, *Chief Judge*, HALL and LYNCH, *Circuit Judges*.
_____

CERTIFIED COPY ISSUED ON MARCH 13, 2019

Appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendant-appellee's motion to dismiss, finding the New York statute under which plaintiff-appellant sued, New York Public Health Law § 230(11)(b), does not create a private right of action.

Haar contends that the district court erred, arguing that such a right is implied for bad faith complaints made to the New York Department of Health's Office of Professional Misconduct. Because Haar's appeal raises questions of New York law for which no controlling decisions of the New York Court of Appeals exist, we CERTIFY a single question to the Court of Appeals.

_____

GREGORY ZIMMER, New York, NY, *for Plaintiff-Appellant*.

RALPH CARTER, Duane Morris LLP, New York, NY, *for Defendant-Appellee*.

_____

PER CURIAM:

This appeal requires us to decide whether Robert D. Haar ("Haar"), an orthopedic surgeon, may assert a cause of action for damages pursuant to N. Y. Pub. Health Law § 230(11)(b) against Nationwide Mutual Fire Insurance Company ("Nationwide"), which Haar alleges submitted a bad faith report about him with the New York State Office of Professional Medical Conduct ("OPMC"). The district court (Lewis A. Kaplan, *Judge*) dismissed Haar's cause of action asserted under Section 230(11)(b), holding that the New York Court of Appeals, were it faced with the question, would find that the statute does not create a private right of action. Because this issue turns on a question of state law

2

for which no controlling decisions of the New York Court of Appeals exist, and given a split in the Appellate Division, we certify this question to the Court of Appeals, pursuant to 22 N.Y.C.R.R. § 500.27 and 2d Cir. R. 27.2(a).

## BACKGROUND

The following facts are taken from Haar's Verified Complaint, filed in the Supreme Court of the State of New York, County of New York, on June 7, 2017.[1] In 2012 and 2013, Haar provided treatment to several patients injured in accidents involving vehicles for which Nationwide was the insurer. After treating these patients, Haar submitted claims to Nationwide for payment of medical treatment he provided. Nationwide denied one claim in full and denied three others in part. Nationwide denied one claim in full based on a Peer Review Report which concluded that there was "no cause and effect relationship" between the injuries treated and the alleged accident. With respect to the three other claims, Nationwide only partially reimbursed Haar because of the

---

[1] Reviewing *de novo* the district court's decision to grant the motion to dismiss, we view the facts—which are not of consequence here—in the light most favorable to Haar. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156–57 (2d Cir. 2001).

3

applicable fee schedule, rather than because of any issue with the medical treatment provided.

Nationwide submitted a complaint to the OPMC with respect to Haar's conduct for the four patients he treated in 2012.[2] On January 27, 2017, the OPMC notified Haar that it had concluded an investigation. The OPMC took no disciplinary action against Haar.

Haar's lawsuit, alleging, *inter alia*, bad faith reporting in violation of N.Y. Pub. Health Law § 230(11)(b), followed. The claim was dismissed on November

---

[2] Haar's Verified Complaint alleged that Nationwide's report to the OPMC was submitted in 2016. Nationwide submitted a redacted version of its OPMC complaint, which it asserted could be considered at the dismissal stage because Haar "effectively" incorporated it into his complaint. The district court assumed, "without deciding, that the redacted form effectively was incorporated into the complaint." The OPMC form reflected a filing date of October 2, 2012, not 2016, as Haar alleged. The district court held that the form "would establish only what the form stated" and "could not properly be considered for the truth of the matters asserted." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153-54 (2d Cir. 2002) (a court may properly consider a document on a motion to dismiss even when it has not been explicitly incorporated if it is "integral" to the complaint and the complaint relies upon its terms and effect). Haar also asserted a defamation claim, which he later withdrew "in light of the materials submitted" by Nationwide. The district court converted Haar's motion to withdraw into a motion for summary judgment and dismissed the defamation claim as untimely.

4

30, 2017 because the district court found that the statute does not create a private right of action.

## DISCUSSION

"We review the district court's interpretation of a state statute *de novo*." *Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 179 (2d Cir. 2017).³ "Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000). "In determining how the Court of Appeals would rule on this legal question, the decisions of New York State's Appellate Division are helpful indicators." *Id.*

N. Y. Pub. Health Law § 230(11)(b) states that "[a]ny person, organization, institution, insurance company, osteopathic or medical society who reports or provides information to the [state board for professional misconduct] in good faith, and without malice shall not be subject to an action for civil damages or other relief as the result of such report." Section 230(11)(a) lists several entities

---

³ Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

5

which "shall . . . report to the board any information which such person, medical society, organization institution or plan has which reasonably appears to show that a licensee is guilty of professional misconduct" as defined in earlier sections of the law. Any other person "may" make such a report. *Id.*

In determining whether an implied private right of action exists under a statute, New York courts are to consider three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Schlessinger v. Valspar Corp.*, 686 F.3d 81, 87 (2d Cir. 2012) (applying New York law).

Nationwide argues that a consideration of the three factors listed in *Schlessinger* indicates that Section 230(11)(b) does not create a private right of action for bad faith or malicious reporting to the state board, relying in part on an opinion from the Southern District of New York, *Lesesne v. Brimecome*, 918 F. Supp. 2d 221 (S.D.N.Y. 2013) (Nathan, *J.*). There, when considering the first *Schlessinger* factor, the district court held that the overall statutory scheme of which Section 230(11)(b) is a part, "as a general matter, does not appear to have

6

been enacted for the benefit of individuals against whom reports are being made—rather, it is creating a scheme to regulate medical misconduct." *Id.* at 229. As such, Section 230(11)(b) is not directed "toward benefiting doctors who have had false reports made against them; it is directed toward protecting individuals who have made complaints to the medical board." *Id.*

With respect to the second *Schlessinger* factor, "[t]he New York Court of Appeals has explained that the purpose of § 230(11)(a) was to 'encourage complaints,' primarily by medical professionals, and to address the reluctance of such individuals to provide information regarding errant doctors because of a fear of litigation." *Id.* (quoting *McBarnette v. Sobol*, 83 N.Y.2d 333, 339-41 (1994)). The "[c]reation of an implied right of action in [Section] 230(11)(b) would thus be *counter* to the legislative purpose due to the likelihood that it would chill such complaints." *Id.*

As to the third *Schlessinger* factor, the district court in *Lesesne* found that "an implied right of action would be contrary to the legislative scheme." *Id*. Given that the statute provides that any reports of misconduct made to the medical board "shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding," N.Y. Pub. Health. Law § 230(11)(a),

7

an implied right of action based on such *confidential* reports "runs directly contrary" to the legislative scheme, *Lesesne*, 918 F. Supp. 2d at 229.

The Appellate Division, Second Department agrees that Section 230(11)(b) "does not create a private right of action." *Elkoulily v. N.Y.S. Catholic Heathplan, Inc.*, 153 A.D.3d 768, 772 (2017). The Second Department noted that "[t]he stated purpose of the provision is to protect individuals who have made complaints to the specified institutions." *Id.* (citing *Lesesne*, 918 F. Supp. 2d at 229).

But the First Department reached the opposite result in *Foong v. Empire Blue Cross & Blue Shield*, 305 A.D.2d 330 (2003). In *Foong*, the First Department held that a "plaintiff has an implied right of action under Public Health Law § 230(11)(b) . . . ." 305 A.D.2d at 330. To be sure, the court's analysis in *Foong* was quite limited. The court in *Foong* first addressed whether a plaintiff has an implied right of action under N.Y. Pub. Health Law § 4406-d, "which gives health care providers a measure of due process, in the form of peer review, against the arbitrary termination of health care plan contracts, but does not provide for any means of enforcement." *Id.* In holding that such a right of action existed, the First Department rejected the argument that such a right of action would "thwart [a defendant's] statutory right to terminate a [health care]

8

provider immediately, without a hearing, in cases of imminent harm to patient care and fraud," noting that defendants "remain[] free to terminate a provider without a hearing, although . . . grounds for doing so are subject to judicial review." *Id*. The First Department, with no further analysis, remarked that N.Y. Pub. Health Law § 230(11)(b) also created a private right of action "[f]or similar reasons," noting that Section 230(11)(b) "immunizes from suit insurers and others who make good faith reports to" the OPMC. *Id*.[4]

"Although the parties did not request certification, we are empowered to seek certification *nostra sponte*." *Corsair*, 863 F.3d at 182–83 (quoting *Kuhne v. Cohen & Slamowitz, LLP*, 579 F.3d 189, 198 (2d Cir. 2009)).[5] Pursuant to the New York Court of Appeals' rules, "[w]henever it appears . . . that determinative questions of New York law are involved in a case pending before [a federal circuit court] for which no controlling precedent of the Court of Appeals exists,

---

[4] *Lesesne* addressed *Foong*, but found it unconvincing due to a lack of "substantial analysis of the text or purpose" of Section 230(11)(b). *Lesesne*, 918 F. Supp. 2d at 229.

[5] At oral argument before this Court, held on January 15, 2019, both parties indicated a willingness for the question of whether Section 230(11)(b) creates a private right of action to be certified to the New York Court of Appeals.

9

the court may certify the dispositive questions of law to the Court of Appeals."

22 N.Y.C.R.R. § 500.27(a); *see also* 2d Cir. R. 27.2(a) ("If state law permits, the

court may certify a question of state law to that state's highest court.").

Our decision to certify questions to the Court of Appeals is discretionary.

*See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 41–42 (2d Cir. 2010). In

determining whether to exercise that discretion, we consider whether "the New

York Court of Appeals has not squarely addressed an issue and other decisions

by New York courts are insufficient to predict how the Court of Appeals would

resolve it"; whether "the statute's plain language does not indicate the answer";

whether "a decision on the merits requires value judgments and important

public policy choices that the New York Court of Appeals is better situated than

we [are] to make"; and whether "the questions certified will control the outcome

of the case." *Id.* at 42. Those factors, combined with the existence of a New York

State Appellate Division split, weigh in favor of certification in this case. *See also*

*Corsair*, 863 F.3d at 183 ("When assessing whether to certify a question for

review, we have traditionally considered whether a *state court* decision has ever

provided an authoritative answer . . . .") (emphasis added).

10

## CONCLUSION

For the reasons stated, the Court hereby certifies the following question to the New York Court of Appeals:

1. Does New York Public Health Law Section 230(11)(b) create a private right of action for bad faith and malicious reporting to the Office of Professional Medical Conduct?

We invite the Court of Appeals to reformulate this question as it sees fit or expand it to address any other issues of New York law that would assist this Court in determining whether Haar may assert a cause of action under Section 230(11)(b) against Nationwide.

It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals this opinion as our certificate, together with a complete set of briefs, appendices, and the record filed in this case by the parties. The parties shall bear equally any fees and costs that may be imposed by the New York Court of Appeals in connection with this certification. This panel retains jurisdiction for purposes of resolving this appeal once the New York Court of Appeals has responded to our certification.

## CERTIFICATE

The foregoing is hereby certified to the New York Court of Appeals pursuant to 22 N.Y.C.R.R. § 500.27(a) and 2d Cir. R. 27.2(a), as ordered by the United States Court of Appeals for the Second Circuit.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit